JOSÉ FACUNDO CINTRÓN ET AL., Plaintiffs and Appellants, *v.* YABUCOA SUGAR COMPANY, Defendant and Appellee.

No. 7629. Argued December 6, 1937.—Decided December 16, 1937.

C. *Coll Cuchí, Francisco Parra Capó,* and *F. Zapater* for appellants. *González Fagundo & González, Jr.,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court. Appellee moved to dismiss the present appeal on the ground that the revenue stamps required by law were not affixed to a statement of the case. In a letter addressed to counsel for appellants the secretary of the district court stated that, aside from the statement of the case, the judgment roll contained 161 folios and the statement of the case contained 433, making a total of 594 folios, which at 40 cents a folio amounted to $237.60. Revenue stamps to that amount were affixed and cancelled. The secretary also informed counsel for appellants that two employees of his office had agreed to check a copy of the judgment roll including a copy of the statement of the case outside of office hours for $50. A check for $50 was sent to the secretary. Appellee's contention is that the judgment roll contains 240,000 words, that is to say, 2,400 folios.

Subdivision *q* of the schedule of fees to be paid for services rendered by secretaries and marshals of the district courts specifies 20 cents per folio. (Laws of 1915, 45.) Section 6 of the law provides:

"Section 6.—That each and every document or instrument required by this Act to bear an internal revenue stamp or stamps shall be null and void and shall not be admitted as evidence in a trial unless such stamps be attached thereto."

In *Nazario* v. *Santos,* 27 P.R.R. 83, we held that a notice of appeal to which no revenue stamps had been affixed was a nullity. In *Paz* v. *Bonet,* 31 P.R.R. 151, the stamps were affixed some three months after the filing of the notice of appeal. This Court said:

"In such conditions it could not be maintained that the appeal had been perfected, notwithstanding the fact that the notice of appeal had been filed and served on the other party. Inasmuch as on the day on which the fees for the appeal were paid the right to appeal from the order refusing a new trial had expired, it can not be admitted that the delayed payment of such fees could have revived a right which had been absolutely extinguished by the expiration of the time within which to appeal."

These cases were followed in *Delgado* v. *Cárdenas,* 34 P.R.R. 233, and in *Polanco* v. *Heirs of Cumpiano,* 36 P.R.R. 543. In the Polanco case as in those which preceded it, no stamps had been affixed. No effort had been made to comply with the law. Apparently no request was made for leave to file, within a new term to be granted by this Court, a transcript with the necessary stamps attached. Overlooking the important difference between the statutory period within which an appeal may be perfected and the period within which a transcript must be filed in this Court, with reference to the power of this Court to grant a new term in certain circumstances, this Court said at page 545:

"The appellant, however, alleges that in the present case it is not a question of a jurisdictional period and invokes the discretion of this court for leave to cure the defect by affixing to the certificate of the clerk the required internal revenue stamps. However, Section 6 of Act No. 17 of 1915 establishes a legal sanction of a mandatory character. The effect of the failure to pay the fees in internal revenue stamps in the amount fixed by the law is the same as if the transcript had not been filed in this court. Therefore, as there is no basis for the appeal, the motion of the appellees must be sustained and the appeal dismissed."

In *Córdova* v. *Baquero,* 47 P.R.R. 103, this Court, construing Section 6 of the law said:

"This is in the nature of a penalty imposed in order to prevent frauds against The People of Puerto Rico, who in any case would be the party really prejudiced and the one with greater cause to complain whenever there is a failure to cancel the stamps required by the schedule. If the language of the statute is strictly followed,

it apparently leaves no room for judicial interpretation. Yet a case may arise where a court officer inadvertently, without the intervention of the party, and without any intention to defraud, may fail to cancel a stamp on a given document or may cancel a smaller amount than is required by law. Let us suppose that some time after a pleading has been filed or a judicial proceedings has been terminated the officer discovers the omission and, at his request, the party covers the deficiency and cures the error, should the document be regarded as being void *ab initio* by reason of the fact that an omission has been inadvertently incurred? If the purpose of the act is to protect the rights of the state and prevent frauds against the public treasury, it does not seem logical that once the fees have been paid, a party, who has not been prejudiced in any way, could be permitted to take advantage of the defect and allege that the judicial proceeding is void from its inception. In our opinion a judicial proceeding which is subject to said defect is not absolutely void but only voidable. An error of this nature should be curable by the party who is liable for the payment of the fee.''

In *Acevedo* v. *Treasurer*, 49 P.R.R. 133, we held that the transcript of the record did not require revenue stamps but we also said that even otherwise, this Court would have had the power to grant a new term within which to affix the necessary stamps.

The facts in the instant case bring it within the rule established in *Córdova* v. *Baquero* and in *Acevedo* v. *Domenech.* When counsel for appellants delivered to the secretary of the district court revenue stamps to the full amount indicated by the secretary's official estimate, he did, we think, all that was required of him. In the absence of anything to suggest' fraud or collusion, the appeal should not be summarily dismissed merely because of an error on the part of the secretary in calculating the amount of his fees under the law. Even if we were satisfied that appellee is right in his estimate and that the secretary was wrong in his, we should still hesitate to dismiss the appeal merely because the secretary under—estimated the amount of his fees. The secretary, if his estimate is to be taken literally, seems to have counted

each typewritten page as a folio and to have calculated his fees on the basis of 40 cents a folio, which is twice the amount specified in the statutory schedule. Appellee on the other hand assumes that a folio is 100 words but in its motion refers us to no statutory definition to that effect. If any statutory authority was cited in the oral argument it escaped our attention. The same may be said of the method whereby appellee arrived at the estimate of 240,000 words.

Assuming for the sake of argument that the motion to dismiss presents a justiciable issue, and, assuming further, that it was not premature because not preceded by a motion to strike the transcript, we are not prepared to say that appellee is clearly right and that the secretary of the district court was manifestly wrong in his estimate of the amount due as secretary's fees.

The motion will be denied.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.